**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BERNIE RUIZ GARCIA, 671724,** | ) | |
|       **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:11-CV-308-M** |
| | ) | |
| **RICK THALER, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
|       **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner pled guilty to aggravated sexual assault of a child under fourteen and was

placed on deferred adjudication probation.  *The State of Texas v. Bernie Ruiz Garcia*, No. F-

89A1061-KW (363rd Jud. Dist. Ct., Dallas, Tex., Sept. 28, 1993).  This probation was later

revoked and Petitioner was sentenced to fifteen years imprisonment.

Petitioner does not challenge his conviction.  Instead, he challenges the denial of time

credits following the April 26, 2004, revocation of his mandatory supervised release.  On May

26, 2004, and July 8, 2005, Petitioner filed time-credit dispute resolution forms with TDCJ.  On

December 21, 2004, and March 20, 2006, TDCJ responded to the dispute forms and denied

relief.  On April 8, 2008, Petitioner filed a state habeas application challenging the denial of

street-time credits.  *Ex parte Garcia*, No. 32,230-08.  On July 16, 2008, the Court of Criminal

Appeals denied the petition without written order on the findings of the trial court.  On

November 16, 2010, Petitioner filed a second state habeas petition.  *Ex parte Garcia*, No.

32,230-10.  On January 19, 2011, the Court of Criminal Appeals dismissed the petition as

noncompliant.

     On February 10, 2011, Petitioner filed the instant § 2254 petition.  He argues that the

denial of street-time while on parole unlawfully extends his sentence and denies him due

process.  On June 14, 2011, Respondent filed his answer.  Petitioner did not file a reply.  The

Court finds the petition should be dismissed as barred by the statute of limitations.

**II.  Discussion**

**1.     Statute of Limitations**

     The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.

*See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).  The

one-year period is calculated from the latest of either: (A) the date on which the judgment of

conviction became final; (B) the date on which an impediment to filing an application created by

State action in violation of the Constitution or laws of the United States is removed, if the

applicant was prevented from filing by such action; (C) the date on which the Supreme Court

initially recognizes a new constitutional right and makes the right retroactively applicable to

cases on collateral review; or (D) the date on which the facts supporting the claim became

known or could have become known through the exercise of due diligence.  *See* 28 U.S.C. §

2244(d)(1)(A)-(D).

     Petitioner has alleged no state-created impediment under subparagraph (B) that prevented

him from filing his federal petition.  Nor does he base is petition on any new constitutional right

under subparagraph (C).  With regard to subparagraph (A), the Court determines that it is

inapplicable because it pertains to direct review of "the judgment," which is not at issue in this

case.  The Court will therefore calculate the one-year statute of limitations under subparagraph

(D), from the date the facts supporting the claims raised in the instant petition became known or

could have become known through the exercise of due diligence.

     The Court determines Petitioner either knew, or could have known through the exercise

of due diligence, of his time credits claim on April 26, 2004, which was the date of his

revocation.[1]  On that date, or shortly thereafter, he could have determined that he was not

credited with street-time.  *See Biggins v. Dretke*, No. 3:03-CV-2005-P, 2004 WL 1898255 at *2

(N.D. Tex. Aug. 24, 2004) (finding on date of parole revocation petitioner knew, or could have

known through the exercise of due diligence, of the loss of street-time credits); *Tweedy v.*

*Dretke*, No. 4:03-CV-0520-A, 2003 WL 22724659 at *3 (N.D. Tex. Sept. 15, 2003) (same).

Petitioner then had one year, or until April 26, 2005, to file his federal petition.

     Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of

state habeas proceedings or other collateral review.  The TDCJ time-credit dispute forms toll the

limitations period for a maximum of 180 days.  *Stone v. Thaler*, 614 F.3d 136, 139 (5th Cir.

2010).  Petitioner filed a time-credit dispute on May 26, 2004.  This dispute tolled the limitations

period for 180 days, or until November 22, 2004.  At that time, Petitioner still had eleven months

remaining on his AEDPA limitations period.  When eleven months are added to the November

---

[1]Additionally, at the time he was released to mandatory supervision on December 10,
1998, his "Certificate of Mandatory Supervision" notified him that revocation of his mandatory
supervision would forfeit all time served on mandatory supervision.  (Resp. Ex. A).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**     Page -3-

22, 2004, date, Petitioner's new deadline became October 22, 2005.

On April 4, 2008, Petitioner filed a state habeas petition.  This petition did not toll the limitations period because it was filed after the one-year limitations period expired.  Additionally, Petitioner's July 8, 2005, time-credit dispute form did not toll the limitations period.  *See Stone*, 614 F.3d at 139 (finding a subsequent time-dispute form does not toll the limitations period).

Petitioner was required to file his federal petition by October 22, 2005.  He did not file his petition until February 10, 2011.  His petition is therefore untimely.

**2.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling.  He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 5th day of September, 2012.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).